**SUPPORTKIDS, INC., Formerly Child Support Enforcement, Inc., Appellant,**

v.

**Cynthia MORRIS, Appellee.**

**No. 14–04–00390–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

May 17, 2005.

Rehearing Overruled July 14, 2005.

Gregory S. Coleman, Christian Jared Ward, Austin, for appellant.

Christopher Michael Portner, Beaumont, for appellee.

Panel consists of Chief Justice HEDGES and Justices FOWLER and SEYMORE.

## MAJORITY OPINION

CHARLES W. SEYMORE, Justice.

In this interlocutory appeal, Supportkids, Inc., formerly Child Support Enforcement, Inc., appeals a judgment in favor of Cynthia Morris on the ground that the trial court abused its discretion in granting class certification. We reverse and remand for proceedings consistent with this opinion.

### BACKGROUND

Appellant, Supportkids, is a company whose principal business is the collection of past due child support for custodial parents. Supportkids offers different service packages depending on the amount of child support to be collected and whether there is an arrearage. For its services, Supportkids collects a percentage of the total child support recovered. The percentage differs from contract to contract. In 1999, appellee, Morris, hired Supportkids to enforce and collect past due child support arrearages. Morris signed a contract in which she agreed she would retain sixty-seven percent of any child support collected and Supportkids would retain

thirty-three percent as its fee. Support-kids was successful and obtained a with-holding order on the non-custodial parent's wages so the arrearage could be paid.

Approximately six months after Sup-portkids secured the withholding order, Morris demanded that Supportkids cancel her contract so she could collect one hun-dred percent of the child support without paying a fee to Supportkids. When Sup-portkids declined to cancel the contract, Morris sued Supportkids on the ground that it engaged in the unauthorized prac-tice of law. Morris later sought to certify a class including other individuals who had contracted with Supportkids to collect past due child support. She alleged the class would include all customers of Supportkids for whom Supportkids had hired an attor-ney to perform legal services.

The trial court granted Morris's motion for class certification and defined the class as follows:

> Those persons (i) who entered into any of the form contracts attached hereto as Exhibit "A" or "B1"—"B28" with the Defendants [sic] in Texas on or after May 7, 1998, (ii) on whose behalf the Defendants retained an attorney to per-form legal services to collect past due child support owed to that person.

Supportkids contends the trial court abused its discretion because the court did not properly apply Rule 42 of the Texas Rules of Civil Procedure to the undisputed facts.

### STANDARD OF REVIEW

We review a trial court's ruling on class certification for abuse of discre-tion. *Southwestern Ref. Co., Inc. v. Ber-nal*, 22 S.W.3d 425, 439 (Tex.2000). A clear failure by the trial court to analyze or apply the law correctly is an abuse of discretion. *McDaniel v. Yarbrough*, 898 S.W.2d 251, 253 (Tex.1995). Although we

review the trial court's order for abuse of discretion, we do not indulge every pre-sumption in its favor, as compliance with class action requirements must be demon-strated rather than presumed. *Henry Schein, Inc. v. Stromboe*, 102 S.W.3d 675, 691–92 (Tex.2002). We also must evaluate "the claims, defenses, relevant facts, and applicable substantive law." *Id.*

All class actions must satisfy four threshold requirements: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defens-es of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. TEX.R. CIV. P. 42(a). Class representatives must also meet at least one of the subdivisions of Rule 42(b). A judgment in favor of class members should decisively settle the en-tire controversy, and all that should re-main is for other members of the class to file proof of their claim. *Bernal*, 22 S.W.3d at 434. Here, the trial court found the requirements of Rule 42(a) were met and certified the class under all the subdi-visions of Rule 42(b).

### TYPICALITY AND ADEQUACY OF REPRESENTATION

Supportkids contends the trial court abused its discretion in certifying the class because Morris did not present facts showing she met the prerequisites of typi-cality and fair and adequate protection of the class. *See* TEX.R. CIV. P. 42(a). Typi-cality and adequacy of representation are closely related, for demanding typicality on the part of the representative helps insure her adequacy of representation. *See Hor-ton v. Goose Creek Ind. School Dist.*, 690 F.2d 470, 486 n. 27. (5th Cir.1982). Ordi-narily, the presence of even an arguable

defense peculiar to the named plaintiff destroys the typicality of the class. *Spera v. Fleming, Hovenkamp & Grayson, P.C.*, 4 S.W.3d 805, 812 (Tex.App.-Houston [14th Dist.] 1999, no pet.).

The named representative in a class action must fairly and adequately protect the interest of the class members. TEX.R. CIV. P. 42(a)(4). This requirement has two components: (1) an absence of antagonism between the class representatives and the class members, and (2) an assurance the representative parties will vigorously prosecute the class claims and defenses. *Slack v. Shell Oil Co.*, 969 S.W.2d 565, 568 (Tex.App.-Austin 1998, no pet.). Adequacy of representation is a question of fact based on the individual circumstances of the case. *Forsyth v. Lake LBJ Inv. Corp.*, 903 S.W.2d 146, 150 (Tex.App.-Austin 1995, writ dism'd w.o.j.). Factors affecting this determination include: (1) adequacy of counsel; (2) potential conflicts of interest between the class members; (3) personal integrity of the plaintiffs; (4) the representative's familiarity with the litigation, and her belief in the legitimacy of the grievance; (5) whether the class is unmanageable because of geographical limitations; and (6) whether the plaintiffs can afford to finance the class action.

In this case, some aspects of the adequacy requirement are satisfied. The zeal and competence of the named plaintiff's counsel is not challenged, nor is there reason to doubt the willingness and ability of the plaintiff to participate in and control the litigation. But, the possibility of antagonism within the class remains. Morris seeks to have the contracts declared void because Supportkids allegedly engaged in the unauthorized practice of law. The chance remains, however, that customers of Supportkids do not want their contracts to be declared void. Although Morris is now receiving child support pursuant to wage withholding, other persons who signed contracts with Supportkids may continue to need the services of Supportkids to recover child support. Although Supportkids presented no evidence of real disagreement, the burden of proof on certification issues is on the plaintiff. *Schein*, 102 S.W.3d at 691–92. It is therefore improper to demand evidence from the defendant that a significant number of class members oppose the plaintiff when it is obvious that a real possibility of antagonism exists. *Horton*, 690 F.2d at 486. Reviewing the appropriate factors, we find the trial court abused its discretion in finding the named representative able to fairly and adequately protect the interests of the class under Rule 42(a)(4).

### COMMONALITY AND PREDOMINANCE OF COMMON ISSUES

Rule 42(a) requires there exist questions of law or fact common to the class. Questions are common to the class if an answer as to one class member is an answer as to all class members. *Sun Coast Resources, Inc. v. Cooper*, 967 S.W.2d 525, 532 (Tex.App.-Houston [1st Dist.] 1998, writ dism'd w.o.j.). The rule does not require that all or even a substantial portion of the legal and factual questions be common to the class. *Slack*, 969 S.W.2d at 569. The commonality requirement is subsumed under the more stringent Rule 42(b)(3) requirement that common questions of law or fact predominate over questions involving individual members. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 607, 117 S.Ct. 2231, 2242–44, 138 L.Ed.2d 689, 704 (1997). The test is not whether the common issues outnumber the individual issues, but whether common issues will be the focus of most of the efforts of the litigants and the court. *Spera*, 4 S.W.3d at 811.

Morris asserts the factual and legal bases of her claim are common to all class members. Morris contends all persons who entered into any of the form contracts listed as Exhibits A and Exhibits B1 through B28 and on whose behalf Supportkids hired attorneys are a part of the class. First, we note that the contracts attached to Morris's petition do not all contain clauses permitting Supportkids to retain an attorney to collect child support. Further, there was testimony at the hearing on class certification that even after an attorney is retained, legal services are not always performed. For example, frequently Supportkids retains an attorney and the non-custodial parent agrees to pay child support before legal action can be taken. Therefore, even if Morris were able to prove that Supportkids' retention of an attorney constitutes the unauthorized practice of law, some members of the class would not obtain relief. Morris, therefore, failed the commonality requirement of Rule 42(a).

## CONCLUSION

Morris failed to meet the threshold requirements of typicality and commonality under Rule 42(a) of the Texas Rules of Civil Procedure. Therefore, the trial court abused its discretion in certifying the class. The order of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

FOWLER, J., concurring.

WANDA McKEE FOWLER, Justice, concurring.

I agree with the result reached by the majority, but I write separately because I believe a more obvious, fundamental reason exists for reversing the order. Bereft of details—the glue that allows this type of order to withstand the inevitable challenges—the order lacks what it needs most to survive judicial scrutiny.

For example, regarding numerosity, the order states, "The Court finds that the members of the class are so numerous that joinder of all members is impracticable; thus, the numerosity requirement of TRCP 42(a)(1) is met." No details or further information is given on this point. To prove that it performed a rigorous analysis of the case before certifying the class, the court stated, "This Court performed a rigorous analysis before ruling on class certification to determine whether all prerequisites to certification have been met." Again, no details or further information is given.

Both of these statements are conclusions without any supporting data, as are the other statements in the order. The order claims to contain details, but in fact, it does not.[1]

For this reason, under Texas Rule of Civil Procedure 42(c), under *Southwestern Refining Co. v. Bernal*, 22 S.W.3d 425, 435 (Tex.2000), and under *Schein v. Stromboe*, 102 S.W.3d 675, 689 (Tex.2002), this order must be reversed and the case remanded to the trial court.

---

1. We require a detailed analysis of the case because the appellate court must review the underpinnings for the trial court's rulings. The details are necessary to (1) provide the reasons underlying the court's decision and (2) to enable the appellate courts to rigorously review the trial court's decision. One cannot rigorously review a conclusion without the details that led to the conclusion.